Scofield, J.,
delivered the opinion of the court:
As the claimants submitted their case without a brief, request for findings of facts, or oral arguments, the court, in making up its judgment, was unadvised as to their understanding of the evidence or their construction of the contracts.
One part of the claim in this case, as set forth in the original and amended petition, consists of five guaranty percentages, retained by the defendant on various settlements, to wit, $357.70, $147.80, $55.50, $546.75, and $150.35. The two items last named were afterwards paid,-as appears in finding ii. The other three items are due and still unpaid, and the claimants are entitled to be credited with them in this suit. They amount to $561.
The remainder of the claim, amounting to $1,486.20, is for taking up and removing an old brick foot-pavement and curbstones on Thirteenth street.
Claimants had a contract “ to lay and put down a brick foot-pavement and set the curbstone ” on this street. The new work could not be performed until the old was removed.
The contract, in paragraphs 5, 6, and 7 of the specifications, required the claimants to make an excavation 10 inches in depth, measuring from the top of the curbstone. In this excavation they were to deposit a layer of gravel 4 inches in depth, and over that a layer of fine sand of sufficient thickness, to bring the upper surface of the brick to the top of the curbstone.
*240 Article 10, wliicb provides for payment, is as follows:
“ Tenth. It is futher agreed that the said party of the second part shall receive the following prices as full compensation for furnishing all the materials and labor which may be required in the prosecution of the whole of the work to be done under this agreement, and in all respects completing the same, to wit:
“ Grading footway, per cubic yard, 20 cents.
“Paving with new brick, per square yard, 80 cents.
“Belaying old brick pavement, per square yard, 25 cents.
“ Setting new curbstones (6"), per lineal foot, 80 cents.
•“Besetting old curbstones (4"), per lineal foot, 15 cents.”
Whether the expense of taking up and removing the old curb and pavement is covered by the contract price or is extra thereto is the question in dispute.
What is left uncertain by the first part of the contract is made clear by the specifications. The removal of the old material was a part of the required exca vation. Whether to remove the same quantity of earth would have been more or less expensive does not appear. It is not, however, a question about which we need to inquire. The claimants doubtless knew the kind of excavation they were contracting to make. It was knowledge easily obtained. But if they chose to contract without examination, the fault was their own. They agreed to do the whole work, including excavation, for the price named in article 10, and at that rate they have already been paid.
The defendant presents a counter-claim. By a mistake in the settlemeut for sewer work done on D street, in one row of figures the decimal point is placed one figure too far to the right, so that an item of $223.40 is set down and added up as $2,334, as shown in finding v. It occasioned an overcharge in favor of the claimants in the sum of $2,100.00, which should be returned.
The account as allowed by the court sums up as follows:
Defendant’s counter-claim. $2,100 60
Claimants’unpaid retains. 561 00
Balance in favor of defendant. 1,539 60
Judgment will be entered for the defendant in the sum of $1,539.60.